# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No. **5:25-cv-00286-AB (DTB)**                    Date: **March 13, 2025**

Title: **Edelmira Marquez v. Eliseo Ricolcol, Warden**

===================================================================

**DOCKET ENTRY**

===================================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Rachel Maurice | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PETITIONER:           ATTORNEYS PRESENT FOR RESPONDENT:
           None present                                                                    None present

## PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED DUE TO FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

On January 31, 2025, Petitioner Edelmira Marquez ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 ("Petition") without paying the appropriate filing fee or filing an application to proceed in forma pauperis ("IFP Application"). (Docket No. 1). On February 3, 2025, the Clerk issued a Notice re: Discrepancies ordering Petitioner to pay the appropriate filing fee or file an IFP Application. (Docket No. 2). On March 5, 2025, Petitioner paid the filing fee. (Docket No. 4).

A habeas petition brought pursuant to 28 U.S.C. § 2241 is subject to the same screening requirements as a habeas petition brought pursuant to 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Habeas Rule 1(b)(providing that district courts may apply the Habeas Rules to habeas petitions not brought pursuant to 28 U.S.C. § 2254).

In turn, Habeas Rule 4 requires a federal judge to "promptly examine" a petition after filing, and the judge "must dismiss" the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" See Mayle v. Felix, 545 U.S. 644, 656 (2005) (citing Habeas Rule 4).

Accordingly, the Court has reviewed the Petition pursuant to Habeas Rule 4, and it appears to be subject to dismissal on the grounds that Petitioner has not exhausted the applicable administrative remedies with respect to the one claim raised therein. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without first giving Petitioner an opportunity to address the issue of exhaustion.

Accordingly, the Court hereby issues this Order to Show Cause as to why the Petition should not be dismissed on the basis that the claim raised therein is unexhausted, and specifically orders Petitioner to respond to the Order to Show Cause in writing by no later than **April 11, 2025**. The Court further directs Petitioner to review the information that follows, which provides additional explanation as to why the Petition appears to be subject to dismissal.

## The Exhaustion Requirement

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). The exhaustion requirement applicable to habeas petitions under Section 2241 is a prudential requirement. See Singh v. Napolitano, 649 F.3d 899, 900 (9th Cir. 2011) (per curiam) (as amended); see also Ward, 678 F.3d at 1045 ("As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."). As the exhaustion requirement is judicially created, the failure to exhaust does not deprive a federal court of jurisdiction. See Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50 (1995). Further, the exhaustion requirement can be waived in Section 2241 cases since it is not a "jurisdictional prerequisite." Ward, 678 F.3d at 1045 (citation omitted). Exhaustion may be waived "if pursuing those [administrative] remedies would be futile." Id. (alteration in original) (citation omitted). Courts also have discretion to waive the exhaustion requirement where administrative remedies are inadequate or not efficacious, irreparable injury would result, or the administrative proceedings would be void. See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted). A "key consideration" in exercising such discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme." Id. (quoting Montes v. Thornburgh, 919 F.2d 531, 537 (9th Cir. 1990)).

The BOP provides an administrative remedy process through which inmates may seek formal review of an issue relating to any aspect of their confinement. See 28 C.F.R. § 542.10(a). Generally, in order to exhaust available administrative remedies, an inmate must proceed through a four-step process using the appropriate form: (1) Informal resolution (Form BP-8), (2) formal written administrative remedy request to

the Warden of the facility of incarceration (Form BP-9), (3) appeal to the Regional Director (Form BP-10), and (4) appeal to the General Counsel (Form BP-11). See 28 C.F.R. §§ 542.13-542.15. A final decision on the merits of the claim from the General Counsel completes the BOP administrative remedy process. See 28 C.F.R. §§ 542.15(a), 542.18. Alternatively, if the Office of General Counsel does not respond to the appeal within the time allotted by the regulations, the inmate may consider the absence of a response to be a denial. 28 C.F.R. § 542.18.

Here, Petitioner has raised a single ground for relief in the Petition, seeking immediate release from prison and to be put on supervised release per the amended Federal First Offenders Act. (Petition at 1). The Petition does not reflect that Petitioner's claim was raised in the BOP administrative process or otherwise exhausted through all four levels of review, since Petitioner does not indicate that any administrative challenge to the claim was made.

Therefore, based on the face of the Petition, it appears the Petition is completely unexhausted in terms of the BOP's four-step process of administrative appeals, and Petitioner must show cause as set forth in this Order as to why the Petition should not be dismissed on such basis. Petitioner is warned that the failure to timely respond to this Order may result in a recommendation that this action be dismissed for failure to comply with the Court's Order and/or for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). See Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002).

**IT IS SO ORDERED**.